**14-165-cv**
*Westchester Teamsters v. UBS*

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand fifteen.

**PRESENT:**
          **PETER W. HALL,**
          **GERARD E. LYNCH,**
          **SUSAN L. CARNEY,**
                    *Circuit Judges.*

─────────────────────────────────────

**Westchester Teamsters Pension Fund & Teamsters Local 456 Annuity Funds,**

                    *Plaintiffs-Appellants,*

          **v.**                                        **14-165-cv**

**UBS AG, Oswald J. Grübel, John Cryan, Carsten Kengeter, Philip J. Lofts,**

                    *Defendants-Appellees.*[1]

─────────────────────────────────────

**FOR PLAINTIFFS-APPELLANTS:**                    STEVEN F. HUBACHEK (Eric Alan
                                                  Isaacson, Tor Gronborg, Brian O.
                                                  O'Mara, *on the brief)*, Robbins Geller

─────────────────────────

[1] The Clerk of Court is requested to amend the caption as indicated.

Rudman & Dowd LLP, San Diego, CA.

**FOR DEFENDANTS-APPELLEES:**     Mark A. Kirsch (Marshall R. King, Caitlin J. Halligan, Lisa H. Rubin, Seth M. Rokosky, *on the brief*) Gibson, Dunn & Crutcher LLP, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

This appeal involves claims under Section 10(b) of the Securities Exchange Act of 1934 and the Securities and Exchange Commission's Rule 10b-5, which prohibit a person from "making any material misstatement or omission in connection with the purchase or sale of any security." *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398, 2407 (2014). Plaintiffs-Appellants, Westchester Teamsters Pension Fund and Teamsters Local 456 Annuity Funds ("Plaintiffs") appeal the district court's order granting the motion to dismiss of Defendants-Appellees, UBS AG, Grübel, Cryan, Kengeter and Lofts ("Defendants"), on the grounds that Plaintiffs failed adequately to plead violations of the Securities and Exchange Act of 1934 allegedly occurring during the period from November 17, 2009 through September 15, 2011. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the grant of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Roth v. Jennings*, 489 F.3d 499, 510 (2d

Cir. 2007). As a general matter, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 179 (2d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To make out a claim for violation of section 10(b) and Rule 10b-5, the facts pleaded must demonstrate "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Halliburton Co.,* 134 S. Ct. at 2407 (internal quotation marks omitted). The complaint must also satisfy the heightened pleading requirements of Rule 9(b) and the Private Securities Litigation Reform Act of 1995, which require that "securities fraud complaints specify each misleading statement . . . [and] state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *City of Pontiac Policemen's & Firemen's Ret. Sys.,* 752 F.3d at 184 (internal quotation marks omitted).

We affirm the judgment of the district court on the basis that Plaintiffs failed adequately to plead scienter, and thus we do not address the district court's analysis of the remaining elements of their securities fraud claim.[2] To plead scienter so as to survive a motion to dismiss, a

---

[2] We disagree with the district court's suggestion in its analysis of the first element (material misrepresentation or omission) that Plaintiffs had to show that a Defendant "k[new] (or ha[d] reason to know) at the time that he was making an alleged statement that the statement was in fact false." *C.D.T.S. v. UBS AG*, No. 12 Civ. 4924, 2013 WL 6576031, at *4 (S.D.N.Y. Dec. 13, 2013). Plaintiffs need not demonstrate Defendants had knowledge or a belief that they were making "a material misrepresentation or omission" in order to satisfy the element. Rather, to prove this

3

plaintiff must state "with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 326 (2007) (internal quotation marks omitted) by either "alleging facts (1) showing that the defendants had both motive and opportunity to commit the fraud or (2) constituting strong circumstantial evidence of conscious misbehavior or recklessness," *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007). In analyzing whether the complaint meets this standard, this Court considers "plausible opposing inferences." *Tellabs, Inc.,* 551 U.S. at 323. A strong inference of scienter is one that "a reasonable person would deem . . . cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Id.* at 324.

We agree with the district court that Plaintiffs failed to allege sufficient facts to establish scienter either through a showing of "motive and opportunity" or of "conscious misbehavior or recklessness" on the part of Defendants. *ATSI Commc'ns, Inc.*, 493 F.3d at 99. That is, there are no facts alleged that demonstrate Defendants had an intent to deceive, manipulate, or defraud investors when Defendants described their ostensibly robust risk management systems and internal controls. *ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.,* 553 F.3d 187, 198 (2d Cir. 2009). Nor are there allegations supporting a conclusion that Defendants "benefitted in some concrete and personal way from the purported fraud." *Id.* (internal quotation marks omitted). Furthermore, none of Plaintiffs' generalized allegations demonstrate recklessness, i.e. "an extreme departure from the standards of ordinary care . . . to

---

first element Plaintiffs need show only that a false statement was made or that an omission of material fact occurred. *In re Int'l Bus. Machines Corporate Sec. Litig.,* 163 F.3d 102, 106 (2d Cir. 1998).

the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it." *Id.* (internal quotation marks omitted). Plaintiffs have offered no plausible explanation as to why Defendants would turn a blind eye to the possibility that unauthorized trading was exposing UBS to billions of losses. Rather, the much stronger opposing inference is mismanagement—Defendants simply were not monitoring the company's risk as effectively as they had assured investors and as they themselves believed. Absent adequate pleading the courts cannot simply infer that Defendants knew or were reckless in not knowing that their generalized representations regarding risk management were false simply because they were made while a rogue trader incurred a massive loss.

We have considered all of Plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's grant of summary judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
